```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
LAM WHOLESALE, LLC,                        :
                                           :
                   Plaintiff,              :
                                           :         SUMMARY ORDER
          -against-                        :         18-cv-3794 (DLI)(LB)
                                           :
UNITED AIRLINES, INC.,                     :
                                           :
                   Defendant.              :
----------------------------------------------------------------x
```

**DORA L. IRIZARRY, Chief United States District Judge:**

Plaintiff LAM Wholesale, LLC, ("LAM") brought this contract action to recover alleged damages for the loss of electronic scooters shipped by defendant United Airlines, Inc. ("United"). United moved the dismiss the complaint as time barred. For the reasons that follow, United's Motion is granted.

**I.   BACKGROUND[1]**

Apparently sometime in 2015, LAM hired United to transport 500 units of electronic scooters and hoverboards from China to New York City, via airplane transit to John F. Kennedy Airport in Queens, New York ("JFK"). (Complaint or "Compl." (Docket Entry No. 1-1) ¶ 3.) The goods were to arrive on a cargo flight by December 14, 2015, but ended up in Dallas, Texas. (*Id.* ¶¶ 2,7.) In Dallas, the shipments were held by United States Customs officials and released to LAM in May 2017. (*Id.* ¶ 8). However, only 341 units were released to LAM, not the total shipped amount of 500. (*Id.* ¶ 9.) LAM alleges damages in the amount of $121,782.00. (*Id.* ¶ 11.)

On May 30, 2018, LAM filed this action in the New York State Supreme Court, Kings County. (*See* Compl.) On June 29, 2018, United timely removed the action to this Court. (Docket

---

[1]   The following facts are drawn from the Complaint filed in this action and are presumed true for purposes of determining the motions to dismiss.

Entry No. 1.) On July 6, 2018, United moved to dismiss the Complaint for failure to state a claim. (Docket Entry No. 5.)

## II. DISCUSSION

### A. Legal Standard

Under Rule 8(a) of the Federal Rules of Civil Procedure, pleadings must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Pleadings are to give the defendant "fair notice of what the claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *overruled in part on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555).

Under Rule 12(b)(6), a defendant may move, in lieu of an answer, for dismissal of a complaint for "failure to state a claim upon which relief can be granted." To resolve such a motion, courts "must accept as true all [factual] allegations contained in a complaint," but need not accept "legal conclusions." *Iqbal*, 556 U.S. at 678. For this reason, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to insulate a claim against dismissal. *Id*. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Courts may only consider the complaint itself, documents that are attached to or referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's

possession or that the plaintiff knew of when bringing suit, and matters of which judicial notice may be taken. *See, e.g.*, *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007).

   B.   **Analysis**

Successor to the Warsaw Convention,[2] the Montreal Convention "applies to all international carriage of persons, baggage or cargo performed by aircraft for reward." Montreal Convention, Art. 1(1), 1999 WL 33292734. "[*I*]*nternational carriage* means any carriage in which, according to the agreement between the parties, the place of departure and the place of destination, whether or not there be a break in the carriage or a transhipment, are situated . . . within the territories of two States Parties." *Id.*, Art. 1(2) (emphasis in original).

The Montreal Convention's primary goal is to "limit airline accident liability while protecting the rights of passengers and shippers utilizing international air carriage." *Seagate Logistics, Inc. v. Angel Kiss, Inc.*, 699 F. Supp.2d 499, 505 (E.D.N.Y. 2010). To that end, the Montreal Convention preempts state and federal claims that fall within its scope. *See*, *Best v. BWIA West Indies Airways Ltd.*, 581 F. Supp.2d 359, 362 (E.D.N.Y. 2008) ("By its own terms, the treaty, where applicable, preempts the remedies of a signatory's domestic law, whether or not the application of the [Montreal] Convention will result in recovery in a particular case.") (citing *El Al Israel Airlines, Ltd. v. Tseng*, 525 U.S. 155, 161 (1999)); *See also*, *Paradis v. Ghana Airways Ltd.*, 348 F. Supp.2d 106, 111 (S.D.N.Y. 2004), *aff'd*, 194 F. App'x 5 (2d Cir. 2006). As such, claims brought "in contract or in tort or otherwise" are subject to the Convention's "conditions and . . . limits of liability." Montreal Convention, Art. 29.

---

[2] It is important to note that, although the Montreal Convention "unifie[d] and replace[d] the system of liability that derives" from the Warsaw Convention, many provisions of the conventions are similar, and courts continue to evaluate provisions of the Montreal Convention using "cases interpreting equivalent provisions in the Warsaw Convention." *Hunter v. Deutsche Lufthansa AG*, 863 F. Supp.2d 190, 205 (E.D.N.Y. 2012) (internal citations omitted).

Article 35 of the Convention, entitled "Limitation on Actions," further requires that "any claim be brought within a two-year period computed from either the date of arrival, the date of intended arrival, or the date that carriage ceased.  Questions as to calculation of the period of limitations are left to the court of the forum." *Id.*, Art. 35.

The Montreal Convention applies to LAM's claim here, as China and the United States are member states.  Thus, LAM's claim is subject to the Convention's statute of limitations, which bars this action because it was brought over two years after the date on which LAM's shipment was to arrive.  LAM mistakenly argues that the statute of limitations should be tolled, or that New York's three-year statute of limitations should apply, relying on *Joseph v. Syrian Arab Airlines*, 88 F.R.D. 530 (S.D.N.Y. 1980).  However, the Second Circuit expressly disagreed with the court in *Joseph*, finding that the statute of limitations of the Warsaw Convention was not subject to tolling.  *See*, *Fishman by Fishman v. Delta Air Lines, Inc.*, 132 F.3d 138, 144-45 (2d Cir. 1998) (examining drafting history of the Warsaw Convention to reject the contention that Warsaw convention incorporates the tolling provisions otherwise applicable in the forum).

More recently, courts in this circuit have held that the Montreal Convention's time limitation "is not subject to tolling."  *Mateo v. JetBlue Airways Corp.*, 847 F. Supp.2d 383, 388 (E.D.N.Y. 2012) (citing *Fishman*, 132 F.3d at 143).  *See also Ireland v. AMR Corp.*, 20 F. Supp.3d 341 (E.D.N.Y. 2014); *Mughal v. Pakistan Int'l Airlines Corp.*, 2018 WL 1135474 (E.D.N.Y. Feb. 28, 2018).  Here, LAM alleges that United was to transport the goods to JFK airport by December 14, 2015, but the Complaint was not filed until May 20, 2018, well over two years later.  The Complaint, therefore, is time barred.

## III. CONCLUSION

For the reasons set forth above, United's Motion to Dismiss is granted. This action is dismissed with prejudice.

SO ORDERED.

Dated: Brooklyn, New York
   March 31, 2019

/s/
DORA L. IRIZARRY
United States District Judge